### ABNER WEEKS *versus* RICHARD THOMAS.

A mortgagee in possession cannot be charged for rent by the mortgagor, so long as the premises mortgaged remain unredeemed; unless there be a special agreement between the parties to the contrary.

In an action where it appeared, that the money claimed was paid expressly towards a note which the defendant held against the plaintiff; and which had been afterwards sued by the defendant, and judgment recovered thereon, after an appearance therein, by his attorney, and after numerous continuances of the action; *it was held,* that the money could not be recovered back.

ASSUMPSIT on an account annexed for house rent, a count for use and occupation, and the money counts. The parties agreed on a statement of facts, from which it appeared, that on April 2d, 1836, the defendant conveyed certain land and buildings to the plaintiff, and at the same time the plaintiff made a mortgage thereof to the defendant to secure four notes given for the whole of the purchase money, all which have never been paid; that on the same day the premises were leased by the mortgagor, the plaintiff, to the defendant, the mortgagee, until January 1st, 1837, by an instrument in writing, on which was an acknowledgment of payment of the rent; that the defendant, before the conveyances, had been in the occupation of the premises, and continued so to occupy until May 1st, 1837, when he removed therefrom;

and that in November, 1837, the defendant indorsed the notes and assigned the mortgage to a third person.

The plaintiff also claimed to recover ten dollars and interest, as having been paid to be appropriated by the defendant in part payment of one of the notes given for the land, and which had not been so appropriated; and produced a receipt of which a copy follows: — "Received of A. Weeks ten dollars, to be indorsed on my note against him given April 2d, 1836, for $500, due July 15, 1836. Richard Thomas." The ten dollars have never been indorsed on the note referred to, but in January, 1837, a suit was brought thereon in the name of Thomas against the plaintiff, and entered at the May Term of the Court of Common Pleas, answered to by the attorney of said Weeks, and continued from term to term until the January Term, 1838, when judgment was rendered, without deducting the ten dollars, and this judgment has been fully satisfied. If the plaintiff was entitled to recover, the defendant was to be defaulted; and if not, a nonsuit was to be entered.

*Wilson*, for the plaintiff, contended that the plaintiff was entitled to recover for the rent, because the lease shew, that the defendant occupied under him, and not as mortgagee, and no entry under the mortgage took place.

The defendant promised to indorse the ten dollars on the note, but has never done it, and has received payment for the note. This entitles us to recover it in this action.

*Prentiss*, for the defendant, contended that the mortgagor could never compel the mortgagee, on any promise implied by law, to pay rent to him, and could only recover, in such case, by bill in equity on redemption of the mortgage. St. 1821, c. 39; *Newall* v. *Wright*, 3 Mass. R. 138; Hilliard's Abr. 277; 4 Kent, 156.

The plaintiff cannot recover on account of the ten dollar receipt. The note was put in suit, the plaintiff answered to the action, and had an opportunity to have had it allowed, if due. The judgment is a conclusive bar. *Whitcomb* v. *Williams*, 4 Pick. 228; *Homer* v. *Fish*, 1 Pick. 435; *Loring* v.

*Mansfield,* 17 Mass. R. 394; 7 T. R. 269; 3 Conn. R. 461; 3 Day, 36; 1 Root, 210; 7 Greenl. 44; 1 N. H. R. 233; 1 Metc. & Perk. Dig. 293.

The opinion of the Court was drawn up by

WHITMAN C. J. — This action, as to the charge for rent, cannot be sustained. A mortgagee in possession cannot be charged for rent by the mortgagor, so long as the premises mortgaged remain unredeemed; unless there be a special agreement between the parties to the contrary. In this case the mortgagee had agreed to pay, and had paid accordingly, rent for a certain time. The attempt here made is to raise an implied assumpsit to pay for rent subsequently; but no such implication is, under such circumstances, recognized or inferable at law. The mortgagee is the owner in fee, as between himself and the mortgagor; and surely it would be an anomaly to raise a promise by implication, on the part of the owner in fee, to pay rent to one, who at law is regarded, when in possession, as but a tenant at sufferance to the owner in fee.

As to the other item, of ten dollars, it appears to have been paid expressly towards a note, which the defendant held against the plaintiff; and which has been sued by the defendant, and judgment thereon recovered, after an appearance by the plaintiff therein, by his attorney, and after numerous continuances of the action. There must have been ample opportunity to have had the ten dollars allowed in set-off and payment; and the plaintiff must be regarded, through wilfulness or gross negligence, as having omitted to avail himself of it in defence *pro tanto.* It is the policy of the law to afford its aid only to the vigilant; and especially not to those who are grossly negligent.

*Plaintiff nonsuit.*